1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6

7                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8    INTERNATIONAL BROTHERHOOD OF
     ELECTRICAL WORKERS, LOCAL 1269,

9                                                    No. C 16-00767 JSW
            Plaintiff,

10                                                   **ORDER DENYING MOTION FOR**
                                                     **TEMPORARY RESTRAINING**
11       v.                                          **ORDER**

12   YP ADVERTISING & PUBLISHING, LLC,

13          Defendant.
     _____/

14

15          Now before the Court is the motion for a temporary restraining order filed by Plaintiff

16   International Brotherhood of Electrical Workers, Local 1269 ("the Union").  The Court has

17   carefully reviewed the parties' papers, relevant authority, and the record in this case, and it finds

18   the motion suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The

19   Court VACATES the hearing scheduled for February 24, 2016.  The Court hereby DENIES the

20   Union's motion for a temporary restraining order.

21                                    **BACKGROUND**

22          The Union seeks the issuance of a temporary restraining order to maintain the status quo

23   pending determination in arbitration of a dispute between the Union and Defendant YP

24   Advertising & Publishing, LLC ("the Company").  The Union represents approximately 260

25   employees in Northern California and the Reno, Nevada area who are employed by the

26   Company.  The employees are covered by a collective bargaining agreement ("CBA") between

27   the Union and the Company.  The 62 affected employees in this action are employed at the

28   Pleasanton Call Center and work as Telephone Sales Representatives represented by the Union.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    On December 1, 2015, the Company indicated its intention to close the Pleasanton Call

2    Center as of February 29, 2016.  The closure would require transfer of work performed in

3    Northern California to its other surviving call centers in Alabama, Michigan, and Florida.  The

4    consolidation of work is part of the Company's broad corporate reorganization plan designed to

5    address the overall decline in its business.

6        After several attempts over a span of two months spent negotiating the effects of the

7    closure on the Union employees, on February 4, 2016, the Union filed a formal grievance and

8    requested expedited arbitration under the CBA.  The Company agreed to expedited arbitration

9    but did not agree to suspend closure of the call center.  On February 16, 2016, the Union filed

10   this action and a motion for a temporary restraining order to enjoin the closure of the Pleasanton

11   Call Center pending resolution of the parties' disputes in arbitration.

**ANALYSIS**

13       In order to obtain immediate injunctive relief in this labor dispute, the Union must meet

14   the strict requirements of the Norris-LaGuardia Act, 29 U.S.C. section 101, *et seq.*  The Union

15   must demonstrate: (1) that it will sustain substantial and irreparable injury absent the injunction;

16   (2) that greater injury will be inflicted upon the Union by the denial of relief than will be

17   inflicted upon the Company by the granting of relief; (3) that the Union has no adequate remedy

18   at law; and (4) that the Union has made "every reasonable effort" to settle the underlying

19   dispute by negotiation or voluntary arbitration.  *See* 29 U.S.C. §§ 107(b), (c), (d); 108.  The

20   Court finds the Union has failed to meet this standard.

21       First, the Court finds that the Union has failed to proffer sufficient evidence that it will

22   sustain substantial and irreparable injury absent an immediate injunction.  In the context of

23   emergency injunctive relief pending arbitration in a labor dispute, the claimant must

24   demonstrate irreparable harm.  Irreparable harm is defined as "injury so great that an

25   arbitrator's award, if forthcoming, would be inadequate to fully recompense the injured party.

26   It renders the award an 'empty victory,' and thereby undermines the integrity of the arbitral

27   process ... because it is this very 'frustration or vitiation' of arbitration which justified the

28   'narrow exception' to the anti-injunction provision of the Norris-LaGuardia Act, the

2

United States District Court

For the Northern District of California

1  irreparability of the injury suffered by the union has in many cases become virtually the sole

2  inquiry in those cases where injunctive relief is sought against an employer." *Aluminum*

3  *Workers Int'l Union, Local 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 443 (6th Cir. 1982);

4  *see also Amalgamated Transit Union, Division 1384 v. Greyhound Lines, Inc.*, 550 F.2d 1237,

5  1239 (9th Cir. 1977).

6          Here, the Union claims that it would suffer injury as a result of the closure of the

7  Pleasanton Call Center in advance of arbitration of the parties' dispute.  The Union claims that

8  absent a restraining order, the Company will close the call center, terminate all of the Union's

9  members employed there, and transfer the work to other facilities in Alabama, Michigan, and

10  Florida.  The Union claims this action would cause irreparable damage and "render arbitration a

11  hollow formality" by allowing the Company to claim it could not afford the time and cost of

12  locating and building out a new facility to house the California workers, allowing the Company

13  to claim that it cannot afford back pay and benefits that would be due the 62 terminated

14  employees, allowing the Company to claim that it cannot find and reinstate and train enough

15  employees to perform the telephone sales work for the region if the work is to be restored after

16  transfer out of the area, and that the Company could lose customers if forced to restore work to

17  Northern California.  (Motion at 8.)

18          However, under the "empty victory" standard, injunctive relief is only appropriate where

19  the injury sustained would be so irreparable so that "any arbitral award in favor of the union

20  would substantially fail to undo the harm occasioned" by the lack of equitable relief.

21  *Newspaper & Periodical Drivers' & Helpers' Union, Local 921 v. San Francisco Newspaper*

22  *Agency*, 89 F.3d 629, 634 (9th Cir. 1996).  Although there may be some measure of difficulty in

23  devising appropriate compensatory relief, merely because an arbitrator may not be able

24  completely to restore the status quo ante, does not render the arbitral process a hollow

25  formality.  *See id*; *see also Columbia Local Am. Postal Workers Union v. Bolger*, 621 F.2d 615,

26  618 (4th Cir. 1980).

27          The injury of loss of employment is remediable by money damages and back pay.  *See,*

28  *e.g., Sampson v. Murray*, 415 U.S. 61, 92, n.68 (1974).  The remaining injuries the Union

3

**United States District Court**
For the Northern District of California

1    contends are irremediable are speculative and unsupported by evidence.  The Company, in its

2    opposition, produced evidence indicating that its lease of the Pleasanton property does not

3    expire until May 31, 2016, which would give the Company sufficient time to comply with an

4    arbitration order to reopen the facility, if necessary.  (*See See* Declaration of Keith Halpern

5    ("Halpern Decl."), ¶ 19.)  Even in the absence of a continued lease, the Company contends that

6    a call center requires relatively small square footage of commercial space and no special

7    structural or new equipment requirements.  (*Id.* at ¶¶ 19-20.)  There is no evidence to support

8    the claim that the Company would lose customers, as the Union claims and, regardless, that is a

9    harm to the Company and not the Union or its employees.  The injuries alleged by the Union are

10   harms that the Company, and not the Union would sustain.  The Company has proffered its

11   consolidation of call centers as part of a broad corporate reorganization plan designed to address

12   the overall decline in its business.  Accordingly, the Union has not demonstrated that it would

13   suffer greater injury by denial of relief than would be inflicted upon the Company.

14        For the same reasons, the Union is not able to demonstrate that it has no adequate

15   remedy at law.  The Court finds that if an arbitrator were to rule in the Union's favor, the award

16   could provide whole relief by including back pay, front pay, and reinstatement of displaced

17   employees.  Accordingly, without the ability to demonstrate that the Union lacks an adequate

18   remedy at law, injunctive relief at this stage is improper.  *See, e.g.*, *Anderson v. United States*,

19   612 F.2d 1112, 1116 (9th Cir. 1979) (holding that preliminary injunction is improper where

20   injury can be adequately compensated by monetary damages in the form of back pay).

21        Further, the Union has not demonstrated that it has made "every reasonable effort" to

22   settle the underlying dispute by negotiation or voluntary arbitration.  Although it attempted

23   informal negotiations with the Company, the Union delayed filing a grievance and its request

24   for arbitration until February 4, 2016 although it had knowledge of the Company's plans to

25   relocate the Pleasanton Call Center business since December 1, 2015.

26        Lastly, although the Court does not decide the ultimate issue to be resolved in

27   arbitration, it is not clear that the Union's grievance would succeed as it appears that the parties'

28   agreement was specifically modified to permit the Company to move the Pleasanton work to its

4

remaining call centers.  (*See* Halpern Decl., ¶ 12, Complaint Ex. 1 at 5.)  The Clarification of Rights letter, attached to the parties' CBA, explicitly states "the Agreement provides the Company the ability to consolidate, eliminate, 'surplus', and move work performed by bargaining unit members inside and outside of the bargaining unit."  (*Id.*)  It is not clear how the more general provisions of the CBA cited by the Union – outlining the basic compensation structure, exclusivity, and structure of assignment of accounts – would function to override the specific language in the Clarification of Rights letter.  However, the Court leaves ultimate resolution of that issue to the arbitrator.

Accordingly, because the Union has not shown that it would suffer substantial and irreparable injury that would warrant immediate injunctive relief, and because the Union has not demonstrated that it would suffer greater injury by denial of relief than will be inflicted upon the Company, and because the Union has not shown it has no adequate remedy at law or that it has made every reasonable effort to settle the underlying dispute by timely filing for arbitration, the Court hereby DENIES its application for a restraining order.

**CONCLUSION**

For the foregoing reasons, the Union's motion for a temporary restraining order is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  February 23, 2016

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE